Jihad M. Smaili, Esq. [262219]
Adam K. Obeid, Esq. [247188]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
adam@smaililaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| LOU MOUA, an individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>OPTUM SERVICES, INC., a corporation form unknown; UNITED HEALTH CARE, a corporation form unknown; and DOES 1—10, inclusive,<br><br>    Defendants. | **Case No.: 8:17-cv-01717-CJC (DFMx)**<br>Assigned for all purposes to the<br>Hon. Cormac J. Carney<br>Room 9B<br><br>**DECLARATION OF PLAINTIFF LOU MOUA IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>**Hearing:**<br>**Date:**     **January 22, 2018**<br>**Time:**    **1:30pm**<br>**Room:**   **9B**<br><br>Complaint Filed:   August 4, 2017<br>Date of Trial:        None Set |

I, Lou Moua, declare,

1. I am over the age of eighteen and I am a named party to the above entitled lawsuit. All of the facts stated herein are known personally to me, and if called upon to testify, I would and could testify to the facts set forth herein.

2. I submit this declaration in support of Plaintiff's opposition to Defendants' motion to compel arbitration.

3. I first began working at Optum as a Claims Representative in January 2005, and later became a Claims Examiner.

4. When I was hired to work at Optum, I was not informed about any arbitration agreement, let alone the arbitration agreement that Defendants seek to enforce by their motion to compel.

5. When I was hired to work at Optum, I was not informed about how an arbitration agreement worked or whether it was required or optional as part of my employment at Optum.

6. When I was hired to work at Optum, I was not provided with any of the arbitration rules, including those of the American Arbitration Association ("AAA").

7. When I was hired to work at Optum, no Defendant ever explained the arbitration agreement to me, and, I did not know what an arbitration agreement was.

8. When I was hired to work at Optum, I was never given an opportunity to negotiate any of the terms of the arbitration agreement that the Defendants are now seeking to enforce against me.

9. When I was hired to work at Optum, I was not told by any Defendant that I could opt out of the arbitration agreement.

///

///

///

I declare under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct. Executed December 29, 2017 in California.

_____
LOU MOUA

DECLARATION OF LOU MOUA
Case No. 8:17-cv-01717-CJC